**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA EISENBREY,<br><br>          Plaintiff,<br><br>          v.<br><br>WAL-MART STORES EAST, LP d/b/a<br>WALMART, *et al.*,<br><br>          Defendants. | Civil Action No. 24-6299 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court upon Defendant Wal-Mart Stores East, LP's ("Wal-Mart" or "Defendant") motion to dismiss (ECF No. 7) Plaintiff Theresa Eisenbrey's ("Plaintiff") Complaint (ECF No. 1-2). Plaintiff opposed (ECF No. 9), and Defendant replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons set forth herein, Defendant's motion to dismiss is granted.

## I. BACKGROUND[1]

### A. Factual Background

Wal-Mart owns and operates a retail store in Old Bridge, New Jersey (the "Store"). (Compl. *1,[2] ECF No. 1-2.) On April 22, 2022, Plaintiff went to the Store, which offers carpeting and/or carpeting samples produced by Defendants Mohawk Industries, Inc. and Shaw Industries, Inc. (*Id.* at *3.) During Plaintiff's visit, she walked through the carpeting section of the store, and a "sharp section of carpeting/carpeting samples" that stuck out from the shelf into Plaintiff's path caught her pants and lacerated her leg. (*Id.*) The carpeting was not secured on the shelf to prevent it from jutting into the aisle. (*Id.* at *6.) She reported this incident to Wal-Mart's general manager, Vincent "Doe," who completed an incident report. (*Id.* at *3.)

### B. Procedural Background

Plaintiff sued Wal-Mart; Mohawk Industries, Inc.; Shaw Industries, Inc.; John Does 1-20; ABC Cos. 1-20; and Vincent "Doe" for her injuries on April 19, 2024, in the Superior Court of New Jersey, Law Division, Middlesex County. (*Id.* at 1-2; Notice of Removal *1, ECF No. 1.) Wal-Mart, a wholly owned subsidiary of Walmart Inc., is incorporated in Delaware with its principal place of business in Bentonville, Arkansas, and Plaintiff is a New Jersey resident. (Notice of Removal *3; Compl. *2.) Wal-Mart removed the case to this Court on May 21, 2024, under 28 U.S.C. § 1332, invoking diversity jurisdiction. (*See generally* Notice of Removal.) Plaintiff's Complaint alleges eleven counts, including violations of the New Jersey Product Liability Act (the

---

[1] For the purpose of this motion, the Court accepts the facts alleged in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (stating that on a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief").

[2] Page numbers preceded by an asterisk refer to the page number provided in the ECF header.

"NJPLA") (Counts One and Six), strict liability under N.J. Stat. Ann. § 2A:58C-9 (Counts Two and Seven), negligence (Counts Three and Eight), breach of implied warranties (Counts Four and Nine), and breach of express warranties (Counts Five and Ten). (*See generally* Compl.) Count Eleven incorporates the prior counts against fictitious persons and companies. (*Id.* at *13-14.) Wal-Mart filed this motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure[3] 12(b)(6) on June 3, 2024. (Def.'s Moving Br. 1, ECF No. 7.) Specifically, Wal-Mart seeks to dismiss the entire complaint, or alternatively, to dismiss Counts Two, Three, Four, Five, Seven, Eight, Nine, Ten, and Eleven.[4] (Def.'s Moving Br. 1-2.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully

---

[3] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[4] Count Eleven is not brought against Defendant and so Defendant's motion to dismiss Count Eleven is moot and will not be discussed.

harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. DISCUSSION

#### A. Subject-Matter Jurisdiction

A defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction to hear the matter in the first instance. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If a defendant asserts subject matter jurisdiction based on diversity, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000.[5] 28 U.S.C. § 1332(a); *Grand Union Supermkts. of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)). The removing party bears the burden of showing diversity jurisdiction exists. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005) (citation omitted).

Plaintiff argues that this case was improperly removed because "it is more likely than not" that "Vincent Doe" is a resident of New Jersey and would therefore destroy diversity jurisdiction.

---

[5] As the parties do not dispute that the amount in controversy exceeds $75,000, the Court does not address this requirement.

4

(Pl.'s Opp'n Br. 1, ECF No. 9.) Plaintiff provides no authority for her assertions, which contradict the plain meaning of the removal statute. 28 U.S.C.§ 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."). Even if the fictitious defendant is "more likely than not" a New Jersey resident who would destroy complete diversity as Plaintiff alleges, Plaintiff must provide specific evidence showing the identity and citizenship of that defendant.[6] *Mucci v. Decision One Mortg.*, No. 12-1840, 2012 WL 3757035, at *3 (D.N.J. Aug. 9, 2012) (noting that "plaintiffs' conclusion that the John Doe defendants are 'likely' or 'very likely' citizens of New Jersey . . . do[es] not permit a Court to break with the plain directives of 28 U.S.C. § 1441(b)(1)"); *Brooks v. Purcell*, 57 F. App'x 47, 51 (3d Cir. 2002) (holding that fictitious defendants must be disregarded because their citizenship cannot be ascertained). Until the fictitious party is identified with certainty, there is complete diversity, and the Court has subject-matter jurisdiction.

    **B.**    **Motion to Dismiss**

        *1.*    *NJPLA Claims*

Plaintiff alleges that Defendant violated the NJPLA because the carpeting that cut her was "not safe for use in the manner in which it was constructed and/or designed." (Compl. *4.) Defendant argues that Plaintiff has not stated a claim for relief under the NJPLA (Counts One and Six) because she "failed to plead how the [carpeting that cut Plaintiff] either[:] (1) deviated from other identical products during the manufacturing process[;] (2) failed to contain adequate

---

[6] Plaintiff also maintains that she has asked Defendant for "Vince" Doe's full name, but Defendant refuses to provide this information. (Pl.'s Opp'n Br. 1-2.) Even if unnamed parties would likely destroy diversity, however, "defendants [are] under no obligation to [identify the fictitious defendants] before moving to dismiss." *Brooks*, 57 F. App'x at 50-51; *Mucci*, 2012 WL 3757035, at *4 (recognizing "[t]he fact that a defendant possesses the information regarding the identities of unknown defendants changes nothing") (citation omitted).

warnings or instructions[;] or (3) was defectively designed." (Def.'s Moving Br. 3.) Plaintiff, on the other hand, maintains that she has pled sufficient facts to satisfy the Rule 8 pleading standard. (Pl.'s Opp'n Br. 2-3.) For the reasons below, the Court dismisses Counts One and Six against Wal-Mart.

The NJPLA "effectively creates an exclusive statutory cause of action for claims falling within its purview." *Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F. Supp. 3d 586, 596 (D.N.J. 2015) (quoting *Repola v. Morbark Indus., Inc.*, 934 F.2d 483, 492 (3d Cir. 1991)). The NJPLA provides:

> A manufacturer or seller of a product shall be liable in a product liability action only if the [plaintiff] proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: (a.) deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae[;] or (b.) failed to contain adequate warnings or instructions[;] or (c.) was designed in a defective manner.

N.J. Stat. Ann. § 2A: 58C-2.

As an initial matter, the Complaint fails to identify the carpeting's "intended purpose, which is one of the required elements of a products liability claim." *Boldman v. Wal-Mart Stores, Inc.*, No. 16-0004, 2016 WL 589683, at *3 (D.N.J. Feb. 11, 2016) (dismissing NJPLA claim in part because "at no point d[id] [p]laintiffs identify the [product's] intended purpose"). Rather, the Complaint summarily states that the carpeting was "not reasonably fit, suitable or safe for its intended and represented purpose." (Compl. *4.) Even if Plaintiff did plead the carpeting's "intended purpose," however, Plaintiff still fails to plead a defect as required under the NJPLA.

To plead a prima facie cause of action under any type of NJPLA claim, Plaintiff must adequately allege, *inter alia*, "that the product was defective." *Durkin v. Paccar, Inc.*, No. 10-2013, 2010 WL 4117110, at *6 (D.N.J. Oct. 19, 2010) (citing *Myrlak v. Port Auth. of N.Y. & N.J.*, 723 A.2d 45, 52 (N.J. 1999)). There are three types of claims under the NJPLA: (1) design defect;

(2) manufacturing defect; and (3) warnings defect. *Stich v. Smith & Nephew, Inc.*, No. 20-13811, 2021 WL 1997411, at *3 (D.N.J. May 19, 2021). The "only difference" among the types of claims is "the nature of the alleged defect." *Id.* (citations omitted). Under any theory, however, "[t]he mere occurrence of an accident and the mere fact that someone was injured are not sufficient to demonstrate the existence of a defect." *Vicente v. Johnson & Johnson*, No. 20-1584, 2020 WL 7586907, at *11 (D.N.J. Dec. 21, 2020) (alteration in original) (quoting *Myrlak*, 723 A.2d at 52).

To allege a design defect, Plaintiff "must plead either that the product's risk [of harm] outweighs its [utility], or that an alternate design exists." *Stich*, 2021 WL 1997411, at *4 (alterations in original) (citations omitted). Plaintiff alleges only that the carpeting had a "sharp edging" that was sticking out from a shelf. (Compl. *3-4.) While Plaintiff does aver that the "sharp edging caus[es] a serious risk of harm to those considering same for purchase or walking nearby," (*id.* at *4), such a "conclusory statement" is inadequate to plead a design defect. *Durkin*, 2010 WL 4117110, at *8 (finding plaintiff did not adequately allege a design defect where the complaint included only "conclusory statements that the [product] [wa]s unreasonably dangerous because it ha[d] a friction profile that may cause it to shift during transportation").

To allege a manufacturing defect, the "product may be measured against the same product as manufactured according to the manufacturer's standards." *Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 826 (D.N.J. 2019) (internal quotation marks omitted) (quoting *Mendez v. Shah*, 28 F. Supp. 3d 282, 298 (D.N.J. 2014)). If "the particular product used by the plaintiff fails to conform to those standards or other units of the same kind, it is a manufacturing defect." *Id.* (internal quotation marks omitted) (quoting *Mendez*, 28 F. Supp. 3d at 294). "It occurs when the 'product comes off the production line in a substandard condition based on the manufacturer's own standards or identical units that were made in accordance with the manufacturing specifications.'"

*Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 473 (D.N.J. 2002) (citing *Myrlak*, 723 A.2d at 98). A plaintiff does not need to "plead the nature or etiology of the manufacturing defect with scientific precision," because any further "evidence of a flaw in the manufacturing process is uniquely within the knowledge and control of the manufacturer," but only "that something was wrong with the product." *Stich*, 2021 WL 1997411, at *5. As previously discussed, Plaintiff only alleges that the carpeting had a "sharp edging." (Compl *4.) Plaintiff provides no allegations or factual support as to whether this sharp edge deviated from the manufacturer's specifications or otherwise had something wrong with it as compared to another carpet made by the manufacturer. *See Sich v. Pfizer Pharm.*, No. 17-2828, 2017 WL 4407930, at *3 (D.N.J. Oct. 4, 2017) (dismissing manufacturing defect claim where the complaint failed to allege "how the [product] differed from the requisite standard or how it was allegedly defective"). Such a "naked assertion[] devoid of further factual enhancement" is insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

For a failure to warn claim, the defect is "the failure to warn unsuspecting users that the product can potentially cause injury." *Durkin*, 2010 WL 4117110, at *9 (internal quotation omitted). An adequate warning is "one that a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger and that communicates adequate information on the dangers and safe use of the product." *Vicente v. DePuy Synthes Cos.*, 570 F. Supp. 3d 232, 244 (D.N.J. 2021) (quoting N.J. Stat. Ann. § 2A:58C-4). Notably absent from the Complaint are allegations regarding an insufficient warning. Plaintiff merely states that Defendant owed a duty to Plaintiff "to warn of the existence of dangerous conditions associated with the subject carpeting which dangers were known or reasonably should have been known." (Compl. *5.) Such a "conclusory allegation lacks the facts that would satisfy" the Rule 8 pleading

8

standard. *DePuy Synthes Cos.*, 570 F. Supp. 3d at 244 (finding allegations insufficient to plead a failure to warn claim where the complaint averred, in part, that "[t]he aforesaid products surgically implanted in plaintiff's body were due to inadequate warning because the defendants[] knew or should have known there existed a serious risk that the devices could fail after surgery").

### 2.     *Subsumption Under the NJPLA*

Defendant next contends that Plaintiff's claims for implied warranties (Counts Four and Nine), strict liability (Counts Two and Seven), and negligence (Counts Three and Eight) are subsumed under the NJPLA or otherwise fail to state a claim. (Def.'s Moving Br. 4-9.) Plaintiff does not respond to the subsumption argument but otherwise argues that she has satisfied the Rule 8 standard. (*See generally* Pl.'s Opp'n Br.) For the reasons stated below, these claims must be dismissed.

The NJPLA "establishe[s] the sole method to prosecute a product liability action" for any action alleging "harm caused by a product, irrespective of the theory underlying the claim." *Clements*, 111 F. Supp. 3d at 596 (first quoting *Tirrell v. Navistar Int'l, Inc.*, 591 A.2d 643, 647 (N.J. Super. Ct. App. Div. 1991); then quoting N.J. Stat. Ann. § 2A:58C-1(b)(3)). To determine if the NJPLA subsumes a claim, "the court must ascertain the type of harm that a plaintiff is alleging." *Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 818 (D.N.J. 2019). Courts have "consistently dismissed product liability-related claims based on common law theories when at the heart of those theories is the potential 'harm caused by a product.'" *Id.*; *Clements*, 111 F. Supp. 3d at 596–97, 597 n.5 (collecting cases where courts dismiss common-law claims of strict liability, negligence, and breach of implied warranty as subsumed by the NJPLA). The Court will consider whether Plaintiff's implied warranties, strict liability, and negligence claims are subsumed by the NJPLA in turn.

9

### a.   Implied Warranties (Counts Four and Nine)

With regard to the implied warranties claims, Plaintiff avers that "the carpeting/carpeting samples in question was/were dangerous, defective and caused injury while being used for its intended purpose." (Compl. *6; *see also id.* at *11.) As such, Plaintiff has alleged harm that was caused by a product—the allegedly defective carpeting—and Plaintiff's claims for implied warranties are therefore subsumed under the NJPLA. Accordingly, the Court dismisses Counts Four and Nine.

### b.   Strict Liability (Counts Two and Seven)

In Counts Two and Seven, Plaintiff asserts claims for strict liability under N.J.S.A. 2A:58C-9.[7] (Compl. *4-5, *9.) Section 2A:58C-9 of the NJPLA establishes a seller's strict liability. *Agurto v. Guhr*, 887 A.2d 159, 160 (N.J. Super. Ct. App. Div. 2005) (noting the NJPLA runs from N.J.S.A. 2A:58C–1 to –11); *Becker v. Tessitore*, 812 A.2d 369, 377 (N.J. Super. Ct. App. Div. 2002) (writing "[t]he Products Liability Act . . . N.J.S.A. 2A:58C–1 to –11 . . ."). Section 2A:58C-9 sets out how a seller can exempt itself from liability and sets out the conditions under which a seller incurs strict liability. N.J. Stat. Ann. 2A:58C-9. A "product seller" will be held strictly liable if:

> (1) The product seller has exercised some significant control over the design, manufacture, packaging or labeling of the product relative to the alleged defect in the product which caused the injury, death or damage; or
> (2) The product seller knew or should have known of the defect in the product which caused the injury, death or damage or the plaintiff can affirmatively demonstrate that the product seller was in possession of facts from which a reasonable person would conclude that the product seller had or should have had knowledge of the alleged defect in the product which caused the injury, death or damage; or

---

[7] While Wal-Mart seems to interpret Counts Two and Seven as bringing strict liability claims under common law, both Counts in the Complaint cite to statute and will be treated as statutory. (Compl. *4-5, *9.) Since the counts are brought under the NJPLA, they cannot be subsumed by the NJPLA.

>  (3) The product seller created the defect in the product which caused the injury, death or damage.

*Id.*

Here, Plaintiff alleges "the existence of dangerous condition associated with the subject carpeting which dangers were known or reasonably should have been known." (Compl. *4.) Plaintiff additionally alleges the carpeting was "defective and unreasonably dangerous in its design, manufacture, marketing and distribution because . . . it was not reasonably fit, suitable or safe for its intended and represented purpose; it was defective and in an unreasonably dangerous condition; it was not secure on the shelf . . .; and it contained sharp knife-like edging." (*Id.* at *4-5.) Count Seven does not add to these factual allegations. (*Id.* at *9.) These claims do not expound on what behavior Defendant supposedly took to create the "dangerous condition" or what knowledge Defendant had about the "dangerous condition." As such, these constitute only "bare assertions" and a "formulaic recitation of the elements." *Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 555). Absent specific allegations that Wal-Mart controlled the product, caused the dangerous condition, or knew of a specific defect, Counts Two and Seven must be dismissed against Wal-Mart. *See* N.J. Stat. Ann. 2A:58C-9(d).

### c.    Negligence (Counts Three and Eight)

Plaintiff alleges that "the carpeting/carpeting samples in question . . . was [sic] unreasonably dangerous as manufactured" and that "Defendants . . . did recklessly, negligently and/or carelessly sell, stock, display, inspect and/or distribute the carpeting/carpeting samples in question, thereby creating a dangerous, hazardous and/or defective condition." (Compl. *5-6, *see also id.* *10.) Defendant argues that these counts should be dismissed because these "claims . . . are subsumed by the [NJ]PLA and lack requisite specificity." (Def.'s Moving Br. 10.) Plaintiff responds, "[i]f the [NJ]PLA does not apply, then the common law negligence claim would still be

11

viable as to Defendant Wal-Mart . . . ." (Pl.'s Reply Br. 3.) It is unclear to the Court whether Plaintiff intends to plead a claim for negligence based on harm caused by the carpeting itself or by harm caused by Defendant's conduct.

If Plaintiff intended to allege a negligence claim for harm caused by the carpeting itself, the Court agrees with Defendant that the claim is subsumed by the NJPLA. *Port Auth. of N.Y. & N.J. v. Arcadian Corp.*, 189 F.3d 305, 313 (3d Cir. 1999) (finding that negligence "for harm caused by a defective product" is subsumed by the NJPLA).

To the extent that Plaintiff intended to allege a negligence claim that falls outside the NJPLA, she does not satisfy Rule 8(a) because Plaintiff does not allege sufficient facts to support her claim. A plaintiff may maintain an action, not subsumed by the NJPLA, stemming from harm caused by a product where the "essential nature" of the claim is not for product liability but instead for other tortious acts, such as negligent conduct by a third party. *In re Lead Paint Litig.*, 924 A.2d 484, 503 (N.J. 2007); *see also Ramos v. Silent Hoist & Crane Co.*, 607 A.2d 667, 671 (N.J. Super. Ct. App. Div. 1992) (finding that the installer of a product may be liable for negligent installation outside the confines of the NJPLA); *Thomas v. Ford Motor Co.*, 70 F. Supp. 2d 521, 530 (D.N.J. 1999) (same).

To set forth a negligence claim, a plaintiff must adequately allege: (1) duty of care; (2) breach of duty; (3) proximate cause; and (4) damages. *Weinberg v. Dinger*, 524 A.2d 366, 373 (N.J. 1987). Plaintiff alleges these basic elements in a conclusory fashion and fails to include sufficient facts to support her claims for relief. (*See* Compl. *5-6, *9-10); *see also Iqbal*, 556 U.S. at 678-79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

For example, Plaintiff refers to herself as a "business invitee" (Compl. 3), which is a legal conclusion, without providing any factual support for this assertion, such as stating that Plaintiff was a Wal-Mart customer or otherwise explaining why she was at the Store. *Cf. Kovalev v. Walmart Inc.*, No. 22-1217, 2022 WL 6775714, at *3 (E.D. Pa. Oct. 11, 2022) (finding plaintiff was a business invitee where he "alleged that he was Wal-Mart's customer at the time of the incident"). Plaintiff also asserts that the "carpeting/carpeting samples . . . due to . . . tortious conduct on the part of Defendants contained sharp edging . . ." and "Defendants . . . did recklessly, negligently and/or carelessly sell, stock, display, inspect and/or distribute the carpeting/carpeting samples in question, thereby creating a dangerous, hazardous and/or defective condition." (Compl. *3, *5-6.) The Complaint, however, fails to include factual allegations as to how Defendant's actions were negligent or otherwise tortious. As such, these statements constitute legal conclusions and do not warrant the presumption of truth. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (noting that restatements of the elements of a claim are legal conclusions and therefore not entitled to a presumption of truth). Without additional facts, Plaintiff cannot plausibly support her negligence claim, and Counts Three and Eight must be dismissed for failure to state a claim. *See Guardavacarro v. Home Depot*, No. 16-8796, 2017 WL 3393812, at *8 (D.N.J. Aug. 8, 2017) (dismissing negligence claim where complaint alleged that defendants "breached their duty to properly transport, move, and store the [product]" in "conclusory fashion, devoid of any facts to support that claim").

### 3. *Express Warranties*

The NJPLA "subsumes any cause of action 'for harm caused by a product, irrespective of the theory underlying the claim, *except actions for harm caused by breach of an express warranty.*'" *Clements*, 111 F. Supp. 3d at 596 (emphasis added) (quoting N.J. Stat. Ann.

§ 2A:58C-1(b)(3)). As such, the Court considers Plaintiff's express warranty claims, Counts Five and Ten, separately.

To state a claim for a breach of express warranty under New Jersey law, "Plaintiff[ ] must properly allege: (1) that Defendant made an affirmation, promise[,] or description about the product; (2) that this affirmation, promise[,] or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise[,] or description." *Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 721 (D.N.J. 2011) (citing N.J. Stat. Ann. § 12A:2-313). "Courts dismiss claims for breach of an express warranty where [a] plaintiff[] fail[s] to specify any factual support as to the specific language or source of the alleged warranty." *Dingler v. Am. Med. Sys., Inc.*, No. 19-8672, 2019 WL 6310057, at *3 (D.N.J. Nov. 25, 2019) (citation omitted); *see also Mendez v. Shah*, 28 F. Supp. 3d 282, 295-96 (D.N.J. 2014) (dismissing breach of express warranty claim for failure to specifically state the alleged express warranty).

Here, Plaintiff alleges that Defendant "made express warranties concerning the nature and quality of the . . . carpeting/carpeting samples" and "[t]he warranties were conveyed through advertising, marketing, distribution, models and/or samples, and said express warranties were relied upon to the detriment of the Plaintiff." (Compl. *8.) Plaintiff, however, fails to allege specific statements that Defendant made through those mediums. As such, Plaintiff's express warranty claims (Counts Five and Ten) fail and are, accordingly, dismissed.

### 4.     *Unanswered Discovery Demands*

Plaintiff alternatively argues that Defendant's motion to dismiss should be denied as premature because Defendant has not responded to her discovery demands. (Pl.'s Opp'n Br. 3.) Plaintiff, however, may not use discovery "to conduct a fishing expedition" to search for the facts necessary to establish a legally adequate complaint. *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 204 (3d Cir. 2006) (affirming district court's dismissal where plaintiffs asserted that dismissal was

"premature" because "discovery may reveal [defendants] engaged in 'fraud or concealment'"); *Bergin v. Teamsters Loc. Union No. 77*, No. 10-2289, 2011 WL 486230, at *2 (E.D. Pa. Feb. 4, 2011) (noting that "'fishing expeditions' to seek out the facts needed to bring a legally sufficient complaint are barred by the pleading clarifications in *Iqbal* and *Twombly*"). Here, dismissal is not premature where Plaintiff seeks discovery merely to "flesh out" the claims in her complaint. (Pl.'s Opp'n Br. 3.)

## IV.     CONCLUSION

For the reasons set forth above, the Court grants Wal-Mart's motion to dismiss. All claims against Wal-Mart are dismissed without prejudice. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Memorandum Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE